Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASHA THOMSON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> 24 HOUR FITNESS USA, INC. and DOES 1-10, <br><br> Defendant(s). | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff SASHA THOMSON ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Defendant 24 HOUR FITNESS USA, INC. upon information and belief based upon personal knowledge:

## INTRODUCTION

1. Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2. Plaintiff, individually, and on behalf of all others similarly situated,

**CLASS ACTION COMPLAINT**
-1-

brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis after clear revocation of any authorization or similar authentication for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).  Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

4. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

5. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff, Sasha Thomson ("PLAINTIFF"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6).

7. At all relevant times herein, DEFENDANT, 24 HOUR FITNESS USA, INC. ("DEFENDANT"), was a company engaged in the business of providing gym access and services to consumers.

8. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## **FACTUAL ALLEGATIONS - EFTA**

10. Beginning in or around December 18, 2014, Plaintiff signed up for two memberships to Defendants' gym to be charged to Plaintiff's single debt account.

11. On or around February 16, 2016, Plaintiff called Defendants to cancel both memberships under the debit account and to immediately cease Defendants' charging of Plaintiff's account. In fact, Plaintiff asked Defendants' representative three times to make sure that both gym memberships would be canceled, and Defendants' representative confirmed all three times.

12. However, despite Plaintiff's clear revocation of authorization, Defendants continued to deduct funds from Plaintiff's account multiple times on a reoccurring basis, without Plaintiff's consent or authorization.

13. In or around April of 2016, Plaintiff noticed on her bank statements that $41.99 was being deducted on February 22, 2016, March 21, 2016, and April 21, 2016.

14. Plaintiff immediately called Defendants to notify them of the unauthorized withdrawals from her account and to be reimbursed for the unauthorized amounts.

15. Defendants' representative stated that Plaintiff was not being charged, no refund would be issued, and that no charges would be made to the card in the future.

16. Despite Defendants' representations, Plaintiff received another deduction from her account on or around May 23, 2016.

17. Plaintiff called Defendants' representatives again and was once again assured that there would be no future charges; however, Defendants would be unable to refund her for the charges that she incurred.

18. When Plaintiff questioned Defendants' representative as to why they would not refund her money, Defendants' representative stated that it was part of their company policy.

19. Plaintiff never provided Defendants with any authorization to deduct these sums of money on a regular recurring basis from Plaintiff's banking account.

20. Defendants continued to deduct this monthly sum from Plaintiff for several months without Plaintiff's authorization.

21. Further, Defendants did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing these recurring or automatic payments.

22. Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding

regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

24. Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

25. Defendants, their employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

26. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds, if not thousands, of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

27. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

28. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

   a. The members of the Class were not provided with, nor did they execute, written agreements memorializing the automatic or recurring electronic payments.

   b. Defendants did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments.

   c. The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments.

   d. Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendants took unauthorized payments from Class members' accounts.

29. As someone whose bank account was debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, Plaintiff is asserting claims that are typical of The Class.

30. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

**-6-**

31. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

32. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

33. Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

34. Defendants failed to comply with the writing and notice requirements of § 907(a) of the EFTA, 15 U.S.C. § 1693e(a) as to the Class members with respect to the above alleged transactions.

35. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

36. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the

term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

37. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

38. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

39. In multiple instances, Defendants debited bank accounts of the Class members on a recurring basis without obtaining a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic fund transfers from the accounts of the respective Class members, thereby violating § 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

40. In multiple instances, Defendants debited Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic funds transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

41. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

# COUNT I:
# DEFENDANTS VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT
### (On Behalf of Plaintiff and the Class)

42. Plaintiff reincorporates by reference all of the preceding paragraphs.

43. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

44. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

45. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

46. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

47. In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members'

accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

48. In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SASHA THOMSON, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, 24 HOUR FITNESS USA, INC., for the following:

49. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

50. Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

51. Actual damages;

52. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3);

53. For prejudgment interest at the legal rate; and

54. Any other relief this Honorable Court deems appropriate.

///
///
///
///
///
///

# TRIAL BY JURY

55. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 24th day of October, 2016.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
    Todd M. Friedman
    Law Offices of Todd M. Friedman
    Attorney for Plaintiff