Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
***Attorneys for Plaintiff***

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SASHA THOMSON, individually and on behalf of all others similarly situated, | Case No. 2:16-cv-07897-JAK-SK |
| Plaintiff, | **CLASS ACTION** |
| vs. | **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:** |
| 24 HOUR FITNESS USA, INC. and DOES 1-10, | 1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.] |
| Defendant(s). | 2. VIOLATION OF CONSUMER LEGAL REMEDIES ACT (CAL. CIV. CODE §§ 1750 ET SEQ.) |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff SASHA THOMSON ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Defendant 24 HOUR FITNESS USA, INC. upon information and belief based upon personal knowledge:

## INTRODUCTION

1.    Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA") and the Consumer

Legal Remedies Act, Cal Civ. Code 150 et seq. ("CLRA")

2.     Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis after clear revocation of any authorization or similar authentication for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Regulation E, 12 C.F.R. § 205.10(c)(1).

3.     Such conduct is inherently deceptive in that it misrepresents to consumers the price of the gym memberships and the consumers' rights regarding those services and misleads the average consumer.

4.     Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq.*

6.     Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

7.     Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendant does or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8.     Plaintiff, Sasha Thomson ("PLAINTIFF"), is a natural person

residing in Los Angeles County in the state of California, and is a "consumer" as defined by 15 U.S.C. §1693a(6).

9.     At all relevant times herein, DEFENDANT, 24 HOUR FITNESS USA, INC. ("DEFENDANT"), was a company engaged in the business of providing gym access and services to consumers.

10.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

11.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

**FACTUAL ALLEGATIONS - EFTA**

12.     Beginning in or around December 18, 2014, Plaintiff signed up for two memberships to Defendants' gym to be charged to Plaintiff's single debt account.

13.     On or around February 16, 2016, Plaintiff called Defendants to cancel both memberships under the debit account and to immediately cease Defendants' charging of Plaintiff's account. In fact, Plaintiff asked Defendants' representative

three times to make sure that both gym memberships would be canceled, and Defendants' representative confirmed all three times.

14.     However, despite Plaintiff's clear revocation of authorization, Defendants continued to deduct funds from Plaintiff's account multiple times on a reoccurring basis, without Plaintiff's consent or authorization.

15.     In or around April of 2016, Plaintiff noticed on her bank statements that $41.99 was being deducted on February 22, 2016, March 21, 2016, and April 21, 2016.

16.     Plaintiff immediately called Defendants to notify them of the unauthorized withdrawals from her account and to be reimbursed for the unauthorized amounts.

17.     Defendants' representative stated that Plaintiff was not being charged, no refund would be issued, and that no charges would be made to the card in the future.

18.     Despite Defendants' representations, Plaintiff received another deduction from her account on or around May 23, 2016.

19.     Plaintiff called Defendants' representatives again and was once again assured that there would be no future charges; however, Defendants would be unable to refund her for the charges that she incurred.

20.     When Plaintiff questioned Defendants' representative as to why they would not refund her money, Defendants' representative stated that it was part of their company policy.

21.     Although Plaintiff authorized Defendants to deduct sums on a reoccurring basis on December 18, 2014 for payments between December 18, 2014 to February 16, 2016, Plaintiff revoked any authorization and consent to deduct sums from February 16, 2016 onward. Plaintiff revoked consent orally on February 16, 2016, in April of 2016, and again in May of 2016 by calling

Defendants and telling Defendants' representatives to immediately stop deducting payments from Plaintiff's account.

22.    Defendants recorded that Plaintiff canceled its membership and authorization to deduct funds from her account.

23.    Defendants never informed Plaintiff that she was required to provide written confirmation of the request to cancel membership and authorization to deduct funds from her account.

24.    Despite the fact that Plaintiff told Defendants' representatives multiple times to stop deducting sums from Plaintiff's account, Defendants continued to deduct sums from her account in complete disregard for Plaintiff's rights. Even though Plaintiff told Defendants to stop taking money from her account on February 16, 2016, Defendants took money from Plaintiff's account on February 22, 2016, March 21, 2016, and April 21, 2016. Again, in complete disregard for Plaintiff, when Plaintiff told Defendants in April of 2016 to cancel these reoccurring payments, Defendants deducted sums from Plaintiff's account on May 23, 2016.   These deductions were taken without authorization from Plaintiff.

25.    Defendants had knowledge that Plaintiff orally revoked authorization on multiple occasions and had no intention of honoring that revocation, despite representing to Plaintiff on each occasion that Defendants would not withdraw funds from Plaintiff's account.

26.    When Defendants made such false representations, Defendants knew that such statements were false.

27.    Defendants made such false statements in order to take advantage of Plaintiff and take money from her account without her knowledge. Such conduct is evidenced by the fact that Defendants continued to deduct sums and would not refund them.

28.     Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. § 205.10(c)(1).

29.     On or about October 24, 2016, through their Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendants with notice of its violations of the CLRA, and asked that Defendants correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendants that they must take such action within thirty (30) calendar days, and pointed Defendants to the provisions of the CLRA that Plaintiffs believe to have been violated by Defendants. Defendants have failed to respond favorably at this time.

30.     Concurrently with the filing of this First Amended Complaint, Plaintiff has filed a venue affidavit, pursuant to Cal. Civ. Code § 1780(c). Plaintiff's venue affidavit asserts that Defendant was doing business in the Central District of California, and that the transactions at issue in this case, as they pertain to Plaintiff, took place in this District

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants after Defendants recorded a cancellation request for a monthly membership, between October 24, 2015 and the present and.

32.     Plaintiff represents, and is a member of, The Class, consisting all persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants after Defendants recorded a cancellation request for a monthly

membership, between October 24, 2015 and the present.

33.     Defendants, their employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Class members number in the hundreds, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

34.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds, if not thousands, of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

35.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

36.     There are questions of law and fact common to the Class affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

a.     Whether the members of the Class' bank accounts were debited on a reoccurring basis by Defendants on or after Defendants recorded a cancellation request for a monthly membership on or after October 24, 2015 to the present; and,

b.     Whether Defendants requested written confirmation of the cancelation and refused to honor an oral cancellation of an EFT, as is permitted under 12 CFR 205.10(c)(1).t.

37.     As someone whose bank accounts was debited on a reoccurring basis by Defendants on February 16, 2016, April of 2016 and May of 2016 and her

account debited by Defendants on February 22, 2016, March 21, 2016, and April 21, 2016, Plaintiff is asserting claims that are typical of The Class.

38.     Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

39.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

40.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

41.     Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

42.     Defendants failed to comply with the requirements of the EFTA, 15 U.S.C. § 1693e(a) and Regulation E, 12 C.F.R. § 205.10(c)(1) as to the Class members with respect to the above alleged transactions.

43.    The EFTA, 15 U.S.C. §1693e(a), provides that  "[a] consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

44.    Section 205.10(c)(1) of Regulation E provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer.""

45.    In multiple instances, Defendants debited bank accounts of the Class members on a recurring basis after the consumer requested to stop payments of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer in violation of the EFTA, 15 U.S.C. § 1693e(a) and Regulation E, 12 C.F.R. § 205.10(c)(1).

46.    The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I:
## DEFENDANTS VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT
### (On Behalf of Plaintiff and the Class)

47.    Plaintiff reincorporates by reference all of the preceding paragraphs.

48.    The EFTA, 15 U.S.C. §1693e(a), provides that  "[a] consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

49.    Section 205.10(c)(1) of Regulation E provides that "[a] consumer may stop payment of a preauthorized electronic fund transfer from the consumer's

account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer.'""

50.     In multiple instances, Defendants debited bank accounts of the Class members on a recurring basis after the consumer requested to stop payments of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer in violation of the EFTA, 15 U.S.C. § 1693e(a) and Regulation E, 12 C.F.R. § 205.10(c)(1).

### SECOND CAUSE OF ACTION

### Violation of Consumer Legal Remedies Act

### (Cal. Civ. Code § 1750 *et seq.*)

51. Plaintiffs incorporate by reference each allegation set forth above herein.

52. Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have. Cal. Civ. Code § 1770(5);

b. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Cal. Civ. Code § 1770(7);

c. Advertising goods or services with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9);

d. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

e.  Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code* §1770(16).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SASHA THOMSON, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, 24 HOUR FITNESS USA, INC., for the following:

(a)  An order certifying the Class and appointing Plaintiff as Representative of the Class;

(a)  An order certifying the undersigned counsel as Class Counsel;

(b)  An order requiring Defendants, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(c)  Restitution for the monies spent by Plaintiff and Class members on the Class Products;

(d)  An order requiring Defendants to engage in corrective advertising regarding the conduct discussed above;

(e)  Actual damages suffered by Plaintiff and Class Members as applicable from the sale of misbranded Class Products during the relevant class period;

(f)  Punitive damages, as allowable, in an amount determined by the Court or jury;

(g)  Any and all statutory enhanced damages;

(h)  All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i)  Pre- and post-judgment interest; and

(j)  All other relief, general or special, legal and equitable, to which

Plaintiff and Class Members may be justly entitled as deemed by the Court.

### **TRIAL BY JURY**

53.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 5th day of December, 2016.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:     /s/ Todd M. Friedman
        Todd M. Friedman
        Law Offices of Todd M. Friedman
        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

Filed electronically on this 5th day of December, 2016, with:

United States District Court CM/ECF system
Notification sent electronically on this 5th day of December, 2016, to:

Honorable Judge John A. Kronstadt
United States District Court
Central District of California

Justin M. Penn
HINSHAW & CULBERTSON LLP

s/Todd M. Friedman
Todd M. Friedman